UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER ROBERSON                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:07-CV-501-S

BRIGHTPOINT SERVICES, LLC, et al.                                      DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on the joint motion of the defendants, Brightpoint Services, LLC, ("Brightpoint"), and Employment Plus, Incorporated ("Employment Plus") (collectively, "Defendants") for judgment on the pleadings (DN 13), and the motion of the plaintiff, Christopher Roberson ("Roberson"), for leave to file his first amended complaint (DN 15).

In his original complaint, Roberson alleges that Employment Plus, an employment placement service, assigned him to work at Brightpoint in July 2007. Roberson, a homosexual male, alleges that while working at Brightpoint, a co-worker made anti-homosexual comments about him. Roberson alleges that he reported the comments to his Brightpoint supervisors and was later informed by Employment Plus that his assignment at Brightpoint had ended. Roberson, filed the instant action in Jefferson Circuit Court, alleging that Defendants violated his rights under Louisville-Jefferson County Metro Government Ordinance Chapter 92 (the "Ordinance"). Specifically, Roberson alleges that Defendants violated the Ordinance by discriminating and retaliating against him based on his sexual orientation.[1]

---

[1] The Ordinance prohibits employers and employment agencies from discriminating against individuals based upon, *inter alia*, the sexual orientation of such individuals. § 92.06. The Ordinance also prohibits retaliation against persons because such persons have opposed a practice prohibited by the Ordinance. § 92.16. The Ordinance authorizes persons claiming to be aggrieved by a violation of the Ordinance to file a written complaint in accordance with the rules and regulations of the Human Relations Commission - Enforcement, and to file an action in Jefferson Circuit Court to obtain civil remedies as provided in KRS Chapter 344. § 92.09.

Defendants removed the action to this court on grounds of diversity jurisdiction. Defendants filed a joint motion for judgment on the pleadings, asserting that Louisville-Jefferson County Metro Government ("Metro Government") lacked the power to create a right of action in any court of law for violations of the Ordinance. Subsequent to the filing of Defendants' joint motion, Roberson filed a motion for leave to file an amended complaint. In his proposed first amended complaint, Roberson seeks to add a common law claim for wrongful termination, predicated upon the same set of facts set forth in his original complaint. Defendants oppose Roberson's motion for leave to file his first amended complaint on the grounds that Kentucky does not recognize a common law claim for wrongful discharge based on sexual orientation. For the reasons stated herein, Defendants' joint motion for judgment on the pleadings will be granted, and Roberson's motion for leave to file his first amended complaint will be denied.

## I. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) may be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991). The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). In deciding a Rule 12(b)(6) motion to dismiss, a court "is required to assume that all allegations in the complaint are true and to decide whether those allegations provide a basis for legal relief." *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir. 2002).

The Kentucky Civil Rights Act ("KCRA"), KRS Chapter 344, prohibits employment discrimination and retaliation based on an "individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the

individual is a smoker or nonsmoker...." KRS 344.040. The Ordinance provides for additional protected categories within Metro Government's boundaries.[2] Defendants do not dispute Metro Government's authority to create additional protected categories. Defendants, however, do dispute Metro Government's power to create a private right of action in a court of law for violations of the Ordinance. Defendants contend that to the extent the Ordinance attempts to create a private right of action in a court of law, the Ordinance is inconsistent with the KCRA and is, therefore, unenforceable.

A Kentucky municipality, like Metro Government, has only those powers granted by Kentucky's General Assembly:

> Municipal corporations as instrumentalities of the state have only such powers as have been granted by the legislature, expressly or necessarily implied. The grant itself carries the prohibition of exercising any authority in excess thereof or in a manner different from that permitted.

*Boyle v. Campbell*, 450 S.W.2d 265, 268 (Ky. 1970) (quoting *City of Middlesboro v. Kentucky Utilities Co.*, 146 S.W.2d 48, 52 (Ky. 1940)).

In the KCRA, the General Assembly granted municipalities, such as Metro Government, the authority to enact local ordinances prohibiting discrimination and retaliation based on characteristics not expressly protected by the KCRA, and to impose *penalties* for violating such ordinances. KRS 344.300(1) provides:

> Cities and counties are authorized to adopt and enforce ordinances, orders, and resolutions prohibiting all forms of discrimination, including discrimination on the basis of race, color, religion, disability, familial status, or national origin, sex, or age, *and to prescribe penalties for violations thereof, such penalties being in addition to the remedial orders and enforcement herein authorized.*

---

[2] The Ordinance prohibits an employer from discriminating against an individual with respect to that individual's employment on the basis of sexual orientation, *see* Ordinance § 92.06, while the KCRA does not, *see* KRS 344.040.

KRS 344.300(1) (emphasis added).  Contrary to Roberson's assertions, however, this court finds no language within the KCRA, authorizing Metro Government to create a private right of action in a court of law for violations of the Ordinance.

Roberson argues that the plain language of the KCRA indicates the legislative intent to authorize Metro Government "to allow for the enforcement of the Ordinance and its purpose of combating discrimination and preserving personal dignity, via civil suit in Jefferson Circuit Court affording civil remedies." Plaintiff's Response, p. 2. Roberson notes that KRS 344.300(1) states that any penalties prescribed by a municipality shall be *"in addition* to the... enforcement [authorized by the KCRA]." (emphasis added). Robinson argues that because KRS 344.450 expressly authorizes enforcement of the KCRA through the vehicle of a private right of action, any person injured by a violation of the Ordinance is also authorized to file a civil suit.[3] We disagree.

Roberson's reliance on KRS 344.450 as authorizing a civil suit for violation of the Ordinance fails to recognize that KRS 344.450 authorizes a civil suit only for those persons "injured by an act *in violation of the provisions of [the KCRA]*." (emphasis added).  Had Roberson alleged that Defendants discriminated and retaliated against him on the basis of his "race, color, religion, national origin, sex, age forty (40) and over, because [he] is a qualified individual with a disability, or because [he] is a smoker or nonsmoker,"*see* KRS 344.040, Roberson would clearly have the right to bring a civil action against Defendants pursuant to KRS 344.450.  Such an allegation would allege a "violation of the provisions of [the KCRA]" as required by KRS 344.450.  Roberson, however, alleges Defendants discriminated and retaliated against him on the basis of sexual orientation.  Such an allegation states a violation of the

---

[3] KRS 344.450 provides:

Any person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained, together with the costs of the law suit. The court's order or judgment shall include a reasonable fee for the plaintiff's attorney of record and any other remedies contained in this chapter.

Ordinance, but not a violation of the KCRA.  Accordingly, the violations alleged by Roberson do not give rise to a private right of action under KRS 344.450.

Moreover, the "in addition to" language in KRS 344.300(1) clearly refers to a situation in which both the KCRA and a local ordinance prohibit discrimination on the same basis.  Under such a situation, the KCRA would provide a civil right of action for the violation of the KCRA, *see* KRS 344.450, and the local ordinance could, additionally, provide a penalty for the violation of the local ordinance, *see* KRS 344.300(1).  The mere fact that KRS 344.300(1) authorizes municipalities to prescribe penalties for sexual orientation discrimination and retaliation "in addition to" the remedy provided in KRS 344.450 does not alter our conclusion that KRS 344.450 does not create a private right of action for such discrimination and retaliation.

Although the General Assembly granted municipalities the authority to expand the coverage of the KCRA by prohibiting additional forms of discrimination by local ordinance, it did not allow municipalities to create private rights of action for persons injured by violations of such ordinances.  Because Metro Government exceeded the power granted to it by the General Assembly by creating such a private right of action for persons injured by a violation of the Ordinance, Roberson cannot obtain a remedy from this court.  Therefore, even assuming the allegations in Roberson's complaint are true, they fail to provide a legal basis for Roberson to obtain relief in this court.  Accordingly, the court will grant the Defendants' motion for judgment on the pleadings.

## II.  Motion for Leave to File First Amended Complaint

Fed.R.Civ.P 15(a) requires that a court freely grant a plaintiff leave to amend a complaint "when justice so requires."  However, a court may deny a plaintiff leave to amend his or her complaint when the proposed amendment would be futile.  *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006).  A proposed amendment would be futile if it cannot withstand a motion to dismiss under Rule 12(b)(6).  *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037 (6th Cir. 1991).

Roberson's proposed first amended complaint would add a common law claim for wrongful termination.  Roberson's proposed common law claim asserts that he was wrongfully terminated in violation of a public policy against employment discrimination and retaliation based on sexual orientation.

Kentucky "employers as a group have a legitimate interest to protect which requires that the cause of action for wrongful discharge be clearly defined and suitably controlled." *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985).  Accordingly, the Kentucky Supreme Court has established the following limitations upon judicial exceptions to the employment-at-will doctrine.

1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.

2) That policy must be evidenced by a *constitutional* or *statutory* provision.

3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.

*Id.*  (emphasis added).

The public policy upon which Roberson relies to support his wrongful termination claim is evidenced by the Ordinance.  Roberson, however, asserts that because the KCRA allows municipalities to enact ordinances "prohibiting all forms of discrimination," *see* KRS 344.300(1), and because Metro Government's Ordinance was enacted pursuant to the KCRA, the Ordinance's expression of a public policy against sexual orientation discrimination and retaliation in employment is also the KCRA's expression of the same public policy.  We disagree.  The KCRA is an expression of Kentucky's public policy regarding employment discrimination and retaliation.  *Grzyb*, 700 S.W.2d at 401.  The Ordinance, on the other hand, is an expression of Metro Government's public policy regarding employment discrimination and retaliation.  Merely because the KCRA authorized Metro Government to enact the Ordinance does not mean that Metro Government's expression of public policy through the Ordinance becomes Kentucky's expression of public policy through the KCRA.

The KCRA prohibits employment discrimination and retaliation based on an "individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker...."  KRS 344.040.  The KCRA does not, by its terms, prohibit discrimination or retaliation on the basis of sexual orientation.  Had the state intended to adopt a policy prohibiting sexual orientation discrimination and retaliation the General Assembly could have included such a prohibition in the KCRA.  *See Smith v. Wedding*, 303 S.W.2d 322, 323 (Ky. 1957) ("[i]t is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned"); *Fayette Co. Farm Bureau Federation v. Martin*, 758 S.W.2d 713, 714 (Ky.App. 1988) ("[w]e must presume that they meant to exclude anything not listed and we cannot, by interpretation, 'legislate' in what they purposefully left out").  Moreover, by allowing municipalities to prohibit additional forms of discrimination, not prohibited by the KCRA, the General Assembly made clear that only discrimination and retaliation based on characteristics set forth in the KCRA are prohibited as a matter of state public policy.

Because Kentucky has no public policy prohibiting employment discrimination or retaliation based on sexual orientation, Roberson's proposed first amended complaint fails to state a claim upon which relief can be granted.  Accordingly, the proposed first amended complaint would be futile.  The court will, therefore, deny Roberson's motion for leave to file his first amended complaint.

A separate order will be entered herein this date in accordance with this opinion.